CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 31 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONNIE K. BROOKING, | ) | Civil Action No. 7:10-cv-00087 |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MAHON, | ) | By: Hon. James C. Turk |
|    Respondent. | ) | Senior United States District Judge |

Ronnie K. Brooking, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that his conviction was obtained by false evidence, a coerced confession, and ineffective assistance of counsel. After screening the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court dismisses the petition as untimely filed.

I.

Petitioner reveals the following facts in his petition, exhibits, and response to the court's conditional filing order. The Circuit Court for the County of Orange entered petitioner's criminal judgment on September 5, 2002, after a jury found petitioner guilty of rape and forcible sodomy. Petitioner timely appealed to the Court of Appeals of Virginia, which affirmed his conviction. Petitioner timely appealed to the Supreme Court of Virginia, which refused the appeal on December 29, 2003. Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

On December 27, 2004, petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which was denied on May 12, 2005. Petitioner filed the instant federal petition no earlier than December 14, 2009, the date he wrote a handwritten letter to the United States District Court for the Eastern District of Virginia, which construed it as a habeas

petition and permitted petitioner the opportunity to amend.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final in March 2004 when the time expired for petitioner to file a petition for a writ of

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

certiorari to the Supreme Court of the United States. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of judgment being appealed). Petitioner filed his state habeas petition in December 2004, nine months after his conviction became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule).

The Supreme Court of Virginia denied the habeas petition in May 2005. Accordingly, the time the habeas petition was pending before the Supreme Court of Virginia is tolled, and the federal habeas statute of limitations began running again in May 2005. Several years passed between May 2005 and December 2009 when petitioner filed the instant habeas petition. Therefore, more than one year passed between when petitioner's conviction became final and when he filed his federal habeas petition. Accordingly, petitioner failed to timely file the instant petition, and the court must dismiss it unless the court equitably tolls the statute of limitations.

In response to the court's conditional filing order advising petitioner that his petition appeared to be untimely, petitioner argues that the court should equitably toll periods of time because he is pro se, poor, and unfamiliar with the law. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that prevented petitioner from filing a timely

3

petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, the court finds that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This ___ day of March, 2010.

_____
Senior United States District Judge